### McKUSKIE *v.* HENDRICKSON.

*(Supreme Court, General Term, Second Department.    December 10, 1890.)*

COSTS—OFFER OF JUDGMENT.

From a judgment for plaintiff for $30, in an action in a justice's court, defendant appealed, and, within 15 days after notice of appeal, offered to allow judgment for $5. Plaintiff did not accept the offer, and, on the new trial, recovered $35. *Held*, that the offer came within Code Civil Proc. N. Y. § 3070, as amended by Laws 1885, c. 522, providing that such an offer may be made "within fifteen days after service of the notice of appeal," and that "the party refusing to accept the same shall be liable for costs of the appeal, unless the recovery shall be more favorable to him than the sum offered," and that plaintiff was, therefore, entitled to costs of the appeal.

Appeal from Queens county court.

Action by Theodore McKuskie against John Hendrickson, brought in a justice's court. From a judgment for plaintiff, defendant appealed to the

county court, and demanded a new trial, on which a verdict was found for plaintiff. The taxation of costs by the clerk in favor of plaintiff, was, on motion of defendant, vacated by the county court. From the order vacating the taxation of costs, plaintiff appeals. Code Civil Proc. N. Y. § 3070, as amended by Laws N. Y. 1885, c. 522, provides that, upon an appeal from a justice's court, where a new trial is demanded in the appellate court, "from a judgment for a sum of money only, either party may, within fifteen days after service of the notice of appeal, serve upon the adverse party, or his attorney, a written offer to allow judgment to be rendered in the appellate court, in favor of either party, for a specified sum;" and that, "where an offer is made, as above provided, the party refusing to accept the same shall be liable for the costs of the appeal, unless the recovery shall be more favorable to him than the sum offered." Code Civil Proc. N. Y. § 3072, provides: "Either party may, at any time after the action is deemed at issue in the appellate court, and before the trial, serve upon the adverse party a written offer to allow judgment to be taken against him for a sum, or property, or to the effect, therein specified, with or without costs; * * * and if the party to whom it was made fails to obtain a more favorable judgment, he cannot recover costs from the time of the offer, but must pay costs from that time." By section 3071, upon such an appeal, "after the expiration of ten days from the time of filing the justice's return, the action is deemed an action at issue in the appellate court;" and, by section 3053: "The justice must, after ten and within thirty days from the service of the notice of appeal, and payment of the costs and fee," make the return to the appellate court.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Henry A. Monfort*, for appellant. *Harrison S. Moore*, for respondent.

BARNARD, P. J. This action was tried before a court held by a justice of the peace, and the plaintiff recovered a judgment for $30 damages, and $9.26 costs. The defendant appealed, and demanded a new trial in the appellate court. Within 15 days after the service of the notice of appeal, the defendant offered to allow judgment for $5. The offer was not accepted. On the new trial, the plaintiff recovered $35 damages. The clerk taxed costs to the plaintiff, and the county court set aside the taxation. The case seems a plain one, under section 3070 of the Code. If an offer be made within the 15 days after the service of the notice of appeal, and not accepted, the appellant must get a more favorable verdict, to be entitled to costs of the appeal, "otherwise the respondent is entitled to costs." There are two sections which affect the question of costs upon appeals from justice's judgment. One offer, under section 3070, must be made before return, and one, under section 3072, after return filed. The first offer operates upon the entire costs of the appeal, and the second only on the costs "from the time of the offer," which is not accepted, and there is a failure to obtain a more favorable judgment. This offer comes within the section 3070. I presume that the affidavit does not show that the return was filed, but, under either section, the respondent was entitled to costs. The appellant did not reduce the recovery. Under section 3072, the appellant failed to receive a more favorable recovery, and thus was not entitled to receive costs from the date of the offer. The order setting aside taxation should be reversed, with costs, and disbursements, and the motion denied, with costs.